J-A05024-26

**NON-PRECEDENTIAL DECISION - SEE SUPERIOR COURT O.P. 65.37**

| | | |
|---|---|---|
| COMMONWEALTH OF PENNSYLVANIA | : | IN THE SUPERIOR COURT OF |
| | : | PENNSYLVANIA |
| | : | |
| v. | : | |
| | : | |
| | : | |
| KHYRE RIVERA | : | |
| | : | |
| Appellant | : | No. 1269 EDA 2025 |

Appeal from the PCRA Order Entered May 5, 2025
In the Court of Common Pleas of Philadelphia County Criminal Division at
No(s): CP-51-CR-0009875-2021

BEFORE: KUNSELMAN, J., NICHOLS, J., and SULLIVAN, J.

MEMORANDUM BY NICHOLS, J.: **FILED JULY 1, 2026**

Appellant Khyre Rivera appeals from the order dismissing his Post-Conviction Relief Act[1] (PCRA) petition without a hearing. On appeal, Appellant claims that the PCRA court erred by dismissing his petition without a hearing, dismissing his claims of plea counsel's alleged ineffective assistance, and allowing counsel to withdraw after the filing of a **Turner**/**Finley**[2] letter. After review, we affirm.

The facts of this case are well known to the parties. Briefly, on October 13, 2020, Appellant was arrested and charged in connection with the shooting death of Sabri Moore, which occurred in August of 2018 in Philadelphia. **See** Trial Ct. Op., 7/24/25, at 1, 3-6. On March 17, 2023, Appellant pled guilty to

---

[1] 42 Pa.C.S. §§ 9541-9546.

[2] **See Commonwealth v. Turner**, 544 A.2d 927 (Pa. 1988), and **Commonwealth v. Finley**, 550 A.2d 213 (Pa. Super. 1988) (*en banc*).

third degree murder, conspiracy, robbery, and carrying a firearm without a license.[3]

The trial court sentenced Appellant to an aggregate sentence of fifteen to forty years' incarceration at this docket number.[4]  Appellant filed a timely post-sentence motion seeking reconsideration of sentence, which was denied by operation of law on March 27, 2024.  Appellant did not file a direct appeal.

On October 28, 2024, Appellant filed a *pro se* PCRA petition, his first. The PCRA court appointed counsel for Appellant and counsel filed a **Turner**/**Finley** no merit letter on March 23, 2025.  On March 31, 2025, the PCRA court issued a Pa.R.Crim.P. 907 notice of its intent to dismiss Appellant's PCRA petition without a hearing.  On May 5, 2025, the PCRA court dismissed Appellant's PCRA petition and granted counsel's petition to withdraw.[5]

---

[3] 18 Pa.C.S. §§ 2502(c), 903, 3701(a)(1)(i), and 6106(a)(1), respectively.

[4] Specifically, the trial court sentenced Appellant to fifteen to forty years for third degree murder and imposed concurrent sentences of fifteen to forty years incarceration for conspiracy, two and a half to five years' incarceration for robbery, and one to two years' incarceration for carrying a firearm without a license.  **See** Sentencing Order, 11/14/23.  The trial court also imposed the aggregate sentence at this docket number to run consecutively to the aggregate sentence imposed for another case at Docket No. 5757 of 2019. **See id.**

[5] The PCRA court initially entered an order dismissing Appellant's PCRA petition on April 28, 2025 but did not grant PCRA counsel's motion to withdraw.  **See** PCRA Ct. Order, 4/28/25.  However, on May 5, 2025, the PCRA court issued an amended order, which dismissed Appellant's PCRA petition and granted PCRA counsel's motion to withdraw.  **See** PCRA Ct. Order, 5/5/25.

On May 18, 2025, Jonathan J. Sobel, Esq. entered his appearance on behalf of Appellant. Appellant filed a timely notice of appeal. Both the PCRA court and Appellant complied with Pa.R.A.P. 1925.

On appeal, Appellant raises the following issues, which we have reordered as follows:

> 1. Was trial counsel . . . ineffective in failing to properly complete the guilty plea colloquy by leaving blank paragraphs 5(a) (nature of mental illness), 14 (promises for pleading guilty), and 15, rendering the plea involuntary and unknowing?
>
> 2. Was trial counsel . . . ineffective in promising Appellant that the instant matter would run concurrent to his other murder plea for an aggregate of 15-30 years, rather than consecutive for 30-80 years, inducing an unknowing and involuntary plea?
>
> 3. Did the PCRA court err in dismissing Appellant's [PCRA petition] where the petition raised colorable claims of ineffective assistance of trial counsel and other constitutional violations warranting relief?
>
> 4. Did the PCRA court err in refusing to grant an evidentiary hearing on the issues raised in the petition where the claims were not patently frivolous and required development of the record?
>
> 5. Did the PCRA court err in allowing court-appointed PCRA counsel to withdraw following the filing of a *Finley* letter, thereby depriving Appellant of effective representation in the PCRA proceedings?

Appellant's Brief at 3 (some formatting altered).

In reviewing the denial of a PCRA petition, our standard of review

> is limited to examining whether the PCRA court's determination is supported by the evidence of record and whether it is free of legal error. The PCRA court's credibility determinations, when supported by the record, are binding on this Court; however, we apply a de novo standard of review to the PCRA court's legal conclusions.

- 3 -

*Commonwealth v. Sandusky*, 203 A.3d 1033, 1043 (Pa. Super. 2019) (citations omitted and formatting altered).

Appellant's first four claims are related. Appellant claims that plea counsel was ineffective for misadvising him regarding the plea agreement and for failing to properly complete the written guilty plea colloquy form. ***See*** Appellant's Brief at 17-18. Further, Appellant claims that the PCRA court erred in dismissing his petition because his "*pro se* petition, supplemented by the 1925(b) Statement, avers specific defects in the March 17, 2023, guilty plea colloquy and sentencing advice, corroborated by the mental health evaluation (Wechsler IQ 73) and sentencing transcript." ***Id.*** at 10. Appellant essentially alleges that his claims regarding guilty plea counsel were preserved in the PCRA court and, therefore, the PCRA court erred by dismissing his petition without addressing these claims. ***See id.*** at 10-12. Finally, Appellant argues that the PCRA court erred by not granting him an evidentiary hearing on his claims of plea counsel's alleged ineffective assistance. ***See id.*** at 13-15.

The record reflects that Appellant failed to raise either of these claims of plea counsel's alleged ineffective assistance in his *pro se* petition. ***See*** *Pro Se* Petition, 10/28/24. Further, Appellant did not file a *pro se* response to PCRA counsel's no merit letter. Instead, Appellant raised these claims for the first time in his Rule 1925(b) statement.[6] ***See*** Rule 1925(b) Statement,

---

[6] We are cognizant that "our Supreme Court created a limited exception to the general rule that an issue not raised in the trial court is waived," which allows
*(Footnote Continued Next Page)*

6/4/25. Accordingly, these issues are waived. *See* Pa.R.A.P. 302(a) (stating that "issues not raised in the lower court are waived and cannot be raised for the first time on appeal" (some formatting altered)); *Commonwealth v. Reid*, 99 A.3d 470, 494 (Pa. 2014) (concluding that a claim that was never raised in a PCRA petition but only in a Rule 1925(b) statement is waived on appeal). No relief is due.

Appellant's next claim is that the PCRA court erred in allowing PCRA counsel to withdraw after PCRA counsel filed a *Finley* Letter. *See* Appellant's Brief at 15-16. Appellant claims that the *Finley* letter "glossed colloquy blanks and mis-advice as 'addressed' by orals, ignoring vulnerabilities." *See id.* at 16.

---

"a PCRA petitioner [to], after a PCRA court denies relief, and after obtaining new counsel or acting *pro se*, raise claims of PCRA counsel's ineffectiveness at the first opportunity to do so, even if on appeal." *Commonwealth v. Davey*, 345 A.3d 1218, 1224 (Pa. Super. 2025) (citing *Commonwealth v. Bradley*, 261 A.3d 381, 401 (Pa. 2021)).

Here, Appellant's Rule 1925(b) statement, which constituted his first opportunity to raise any potential claim of PCRA counsel's ineffective assistance, did not include a claim alleging the ineffective assistance of PCRA counsel. *See* Rule 1925(b) Statement, 6/4/25. Instead, Appellant raised the ineffective assistance of plea counsel in his Rule 1925(b) statement. *See id.* Our Supreme Court has previously stated that these are separate and distinct claims. *See Commonwealth v. Clayton*, 816 A.2d 217, 220 (Pa. 2002) (stating "claims of PCRA counsel's ineffectiveness are distinct, substantive claims, separate from the underlying claims of trial court error and trial counsel's ineffectiveness"). Since these are separate and distinct claims, *Bradley*, and its progeny, are inapplicable.

This Court has previously addressed the requirements of a *Turner*/*Finley* no merit letter as follows:

> If PCRA counsel seeks to withdraw on the ground that the issues raised by the PCRA petitioner are without merit, he must satisfy the following requirements: he must file a sufficient no-merit letter, send the PCRA petitioner copies of the application to withdraw and no-merit letter, and advise the PCRA petitioner of his right to proceed *pro se* or with a privately retained attorney. The no-merit letter must set forth: 1) the nature and extent of counsel's review of the case; 2) each issue that the petitioner wishes to raise on appeal; and 3) counsel's explanation of why each of those issues is meritless. Where PCRA counsel's no-merit letter does not discuss all of the issues that the convicted defendant has raised in a first PCRA petition and explain why they lack merit, it does not satisfy these mandatory requirements and dismissal of the PCRA petition without requiring counsel to file an amended PCRA petition or a further, adequate no-merit letter is a deprivation of the right to counsel on the PCRA petition.

*Commonwealth v. Kelsey*, 206 A.3d 1135, 1139 (Pa. Super. 2019) (citations omitted).

Here, the record reflects that PCRA counsel filed a *Finley* no-merit letter and application to withdraw with the PCRA court. *See* No Merit Letter, 3/23/25; Mot. to Withdraw, 3/23/25. Further, a letter sent from PCRA counsel to Appellant is appended to the *Finley* letter and memorializes the fact that PCRA counsel sent a copy of the *Finley* letter as well as the motion to withdraw to Appellant. *See* No Merit Letter, 3/23/25. The appended letter advised Appellant that he may file a response to the *Finley* letter and that he could proceed *pro se* or with privately retained counsel. *See id.* PCRA counsel's *Finley* letter also states the nature and extent of his review of the case, which included a review of the *pro se* petition, a review of the record

- 6 -

including the guilty plea colloquy, and an unsuccessful attempt to correspond with Appellant regarding his case. *See id.* at 1. Further, the no merit letter addresses all of the potential claims raised by Appellant in his *pro se* petition as well as in Appellant's motion for discovery, which was filed the same day as the *pro se* petition, before explaining why those issues would be without merit.[7] *See id.* at 2-4. Accordingly, PCRA counsel's *Finley* letter complies with the requirements of *Turner*/*Finley* and, therefore, the PCRA court did not err in granting PCRA counsel's motion to withdraw. *See Kelsey*, 206 A.3d at 1139; *Sandusky*, 203 A.3d at 1043.

Order affirmed. Jurisdiction relinquished.

Judge Sullivan joins the memorandum.

Judge Kunselman concurs in the result.

Judgment Entered.

Benjamin D. Kohler, Esq.
Prothonotary

Date: 7/1/2026

---

[7] Appellant's argument appears to suggest that PCRA counsel failed to raise his claims regarding the alleged misinformation provided by plea counsel and the incomplete written waiver colloquy form. *See* Appellant's Brief at 16. However, as stated above, Appellant did not raise these claims in his *pro se* PCRA petition. *See Pro Se* Petition, 10/28/24.

- 7 -